Xiao-Zhen v. Lynch

BIA
Christensen, IJ
A087 926 564

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 3rd day of March, two thousand sixteen.

PRESENT:
        PIERRE N. LEVAL,
        JOSÉ A. CABRANES,
        GERARD E. LYNCH,
            *Circuit Judges.*
_____

LIU XIAO-ZHEN,
        *Petitioner,*

        v.                                      14-1200
                                                NAC
LORETTA E. LYNCH, UNITED STATES
ATTORNEY GENERAL,
        *Respondent.*
_____

FOR PETITIONER:            Jay Ho Lee, New York, New York.

FOR RESPONDENT:            Joyce R. Branda, Acting Assistant Attorney General; Paul Fiorino, Senior Litigation Counsel; Judith R.

O'Sullivan, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Liu Xiao-Zhen, a native and citizen of the People's Republic of China, seeks review of a March 24, 2014, decision of the BIA affirming a March 23, 2012, decision of an Immigration Judge ("IJ") denying Xiao-Zhen's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Liu Xiao-Zhen,* No. A087 926 564 (B.I.A. Mar. 24, 2014), *aff'g* No. A087 926 564 (Immig. Ct. N.Y. City Mar. 23, 2012). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, the Court should consider both the IJ's and the BIA's opinions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). The applicable standards of review are well established. 8 U.S.C. § 1252(b)(4)(B); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008).

The agency may, "[c]onsidering the totality of the circumstances, . . . base a credibility determination on the demeanor, candor, or responsiveness of the applicant or witness, the inherent plausibility of the applicant's or witness's account," and the consistency in the applicant's statements "without regard to whether an inconsistency . . . goes to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 163–64. Substantial evidence supports the agency's determination that Xiao-Zhen was not credible.

Xiao-Zhen sought asylum and related relief based on her fear of forced sterilization under China's family planning policy and her practice of Christianity. In finding her not credible, the IJ reasonably relied on Xiao-Zhen's demeanor, noting that her testimony was often unresponsive. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *see also Majidi v. Gonzales*, 430 F.3d 77, 81 n.1 (2d Cir. 2005). That finding is supported by the record.

The IJ's demeanor finding and the overall credibility determination are bolstered by record inconsistencies regarding how Xiao-Zhen fled from family planning officials in Hunan Province and whether she knew the name of the relative with whom she hid. *See Li Hua Lin v. U.S. Dep't of Justice*,

3

453 F.3d 99, 109 (2d Cir. 2006); *see also Xiu Xia Lin*, 534 F.3d at 165-67. Further, the IJ reasonably found implausible Xiao-Zhen's testimony that, while in hiding, she did not visit her mother at home because she feared family planning officials would discover her, but she nevertheless visited her father, who was in a government-run hospital as a result of a run-in with the very officials Xiao-Zhen claimed to fear. *See Wensheng Yan v. Mukasey*, 509 F.3d 63, 66-67 (2d Cir. 2007); *Siewe v. Gonzales*, 480 F.3d 160, 168-69 (2d Cir. 2007). Xiao-Zhen did not provide compelling explanations for these inconsistent and implausible aspects of her testimony. *See Majidi*, 430 F.3d at 80.

Having questioned Xiao-Zhen's credibility, the agency reasonably relied further on her failure to submit sufficient corroborating evidence to rehabilitate her testimony. *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007). Xiao-Zhen failed to provide corroborating testimony or affidavits from any of her fellow congregants at her church in the United States.

Although the IJ's remaining inconsistency and implausibility findings may have been impermissibly speculative, *see Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d

4

391, 405 (2d Cir. 2005); *Siewe*, 480 F.3d at 168, remand would be futile given that the error-free findings discussed herein constitute substantial evidence to support the agency's adverse credibility determination, *see Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 339 (2d Cir. 2006); *see also Xiu Xia Lin*, 534 F.3d at 163-64, 166-67. That determination is dispositive of asylum, withholding of removal, and CAT relief as to Xiao-Zhen's family planning and religion claims. *See Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

We also find no error in the agency's alternative finding that, even assuming Xiao-Zhen attends church in the United States, she failed to provide any evidence that authorities are aware of or likely to become aware of her religious practice as required to satisfy her burden of a well-founded fear of persecution. *See Hongsheng Leng v. Mukasey*, 528 F.3d 135, 143 (2d Cir. 2008) ("[T]o establish a well-founded fear of persecution in the absence of any evidence of past persecution, an alien must make some showing that authorities in h[er] country of nationality are either aware of h[er] activities or likely to become aware of h[er] activities."). This is particularly so given the record evidence that tens of millions of Christians practice in unregistered churches in China.

For the foregoing reasons, the petition for review is DENIED.

                                        FOR THE COURT:
                                        Catherine O'Hagan Wolfe, Clerk